UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel<br>Alexander Chepurko and Gary Williky, | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | |
| E-BIOFUELS, LLC Default entered 8/1/2014<br>in related case,<br>E-BIOFUELS WEST, LLC,<br>CARAVAN TRADING, LLC,<br>CIMA GREEN, LLC,<br>GREEN GREASE SOLUTIONS, LLC,<br>TRU VERDE, LLC,<br>AUGSBURG ENERGY, LLC,<br>ELEMENT ALTERNATIVE ENERGY, LLC,<br>WERKS MANAGEMENT, LLC,<br>IMPERIAL PETROLEUM, INC.,<br>VISION BIODIESEL, INC,<br>ULTRA GREEN ENERGY SERVICES, LLC,<br>ASTRA ENERGY CANADA, INC,<br>ASTRA OIL COMPANY, LLC,<br>FLYING J INC.,<br>JOSEPH S FURANDO,<br>CHRISTINE M FURANDO,<br>EVELYN KATARINA TRACY,<br>CRAIG D DUCEY,<br>CHAD D DUCEY,<br>CHRISTOPHER D. DUCEY,<br>BRIAN D CARMICHAEL,<br>ANDREW POLLOCK,<br>JEFFREY T. WILSON,<br>AARON WILSON,<br>ROBERT &QUOT;JAY&QUOT; PIERCE,<br>VERN MANWARRING,<br>TROY MCKEE,<br>J GREGORY THAGARD,<br>REID MILLER,<br>CIMA ENERGY GROUP,<br>STEVE BOLIN,<br>PINNACLE BIOFUELS, INC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:14-cv-00377-TWP-MJD |
| Defendants. | ) | |

1

**ORDER ON MOTION TO STAY**

This matter comes before the Court on Plaintiff United States of America's ("United States") Motion for Stay. [Dkt. 58.] This civil *qui tam* suit alleges fraudulent biodiesel recertification. [*Id.*] Meanwhile, at least eight of the defendants in this matter also face criminal charges for conspiracy and other crimes, which charges are based on the same scheme alleged by the Relators in this matter. [*Id.* at 1-2.] Because of the overlapping issues in the criminal proceedings and this *qui tam* matter, the United States believes that a stay of proceedings would be in the interest of justice, so as to protect the criminal defendants' Fifth Amendment privilege against self-incrimination, and in the interest of judicial economy, as the criminal cases are currently set for trial in the Fall of 2014 and should soon be resolved. [*Id.* at 2-4.] In response, no defendant in this matter objects to the United States' motion for stay, though Defendant Astra Oil Company, LLC ("Astra Oil") notes in its response brief (the only response brief filed) that "[t]he pendency of this action, with its associated threatened liabilities, is a significant burden on Astra Oil," but makes no further elaboration on what the "burden" is or how it is "significant." [Dkt. 59 at 1-2.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). To exercise this power to stay proceedings, the Court must first weigh any competing interests. *Id.*; *see also Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954) ("Benefit and hardship will be set off, one against the other, and upon an ascertainment of the balance the court will exercise a discretionary judgment in the exercise of its power"). District courts are afforded a wide latitude of discretion in deciding whether to stay proceedings, and their decisions will not be reversed

save for an abuse thereof. *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012).

While the United States Constitution does not require a stay of civil proceedings simply because a criminal action is simultaneously pending, Courts often grant such stays when the interest in protecting one's Fifth Amendment right against self-incrimination outweighs the burden that a stay of litigation would impose. *See, e.g., Jones v. City of Indianapolis*, 216 F.R.D. 440, 450 (S.D. Ind. 2003) (Baker, J.); *Smith v. Bravo*, 2000 WL 1051855 at *4 (N.D .Ill. 2000). When considering such a motion to stay, courts can weigh several factors, including but not limited to:

> (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of [the parties] in proceeding expeditiously, and the potential prejudice that [the parties] may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on [the parties] if a stay is denied.

*Salcedo v. City of Chicago*, No. 09-CV-05354, 2010 WL 2721864 at *2 (N.D. Ill. July 8, 2010). In considering the sixth factor, courts are especially mindful that "the noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice any criminally charged parties." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). Additionally, the "strongest case" for staying civil proceedings in light of the pendency of criminal matters is "where a party under indictment for a serious offense is required to defend a civil or administrative action involving the **same matter**." *Id.* at 1376-77, n.20 (D.C. Cir. 1980) (emphasis added).

Here, the United States has asserted that "the same conduct" is the basis for this civil matter and that there are "overlapping issues," and there has been no assertion to the contrary. [Dkt. 58 at 1, 3; *see* Dkt. 59.] Additionally, as discussed in *Dresser Industries*, several of the defendants in this civil matter are also under criminal indictment for that "same conduct." Thus, the first factor weighs heavily in favor of a stay of the proceedings, as this civil matter involves the same subject matter as the parallel criminal cases against some of the same parties. Second, while the United States has declined to intervene in this civil matter, this matter cannot be resolved without the United States' consent. 31 U.S.C. § 3730(b)(1). Consequently, the second factor also weighs in favor of a stay of proceedings. The third factor again weighs in favor of a stay of proceedings, as the criminal matters are scheduled for trial in the near future. [*Id.* at 4.] As the public has a financial interest as taxpayers in preserving judicial economy, the fourth factor also weighs in favor of a stay of civil proceedings while the criminal proceedings unfold. [*See id.*] Fifth, although Astra Oil alleges that "pendency of the instant action . . . is a significant burden," there is no argument posed or evidence presented to support this assertion, so this factor, though weighing in favor of a denial of the United States' motion, does not weigh heavily. [Dkt. 59 at 2.] Finally, although the Court acknowledges that the risk of self-incrimination is speculative at this point, as discovery has not yet commenced, the fact that the subject matter overlaps is a strong indication that the defendants' Fifth Amendment rights could potentially be at risk if the stay is denied. [*See* Dkt. 58 at 3-4.]

Thus, after weighing the relevant factors, the Court finds that it is appropriate and within the Court's broad discretion to stay the proceedings pending resolution of the parallel criminal cases. Accordingly, the Unites States' Motion for Stay is **GRANTED**, and all pending motions are therefore **DENIED** without prejudice to their refiling when the stay is lifted.

Date: 8/25/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Chris D Collins
BARLOW GARSEK & SIMON LLP
ccollins@bgsfirm.com

Matthew K. Walton
BARLOW GARSEK SIMON LLP
mwalton@bgsfirm.com

Michele Lorbieski Anderson
FROST BROWN TODD LLC
mlanderson@fbtlaw.com

Thomas W. Farlow
FROST BROWN TODD LLC
tfarlow@fbtlaw.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

Amanda L.B. Mulroony
HOOVER HULL LLP
amulroony@hooverhull.com

David F. Hurley
HURLEY & HURLEY PC
dhurley@hurley-legal.net

Barry M. Hartman
K & L GATES LLP
barry.hartman@klgates.com

Christine A. Jochim
K & L GATES LLP
christine.jochim@klgates.com

Lawrence Coe Lanpher
K & L GATES LLP
lawrence.lanpher@klgates.com

David K. Colapinto
KOHN KOHN & COLAPINTO
dc@kkc.com

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Richard Charles Richmond, III
TAFT STETTINIUS & HOLLISTER LLP
rrichmond@taftlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Joyce R Branda
US Attorney's Office
Commercial Litigation Branch
PO Box 261   Ben Franklin Station
Washington, DC 20044

Brian J. McCabe
US DEPARTMENT OF JUSTICE-CIVIL DIVISION
brian.mccabe@usdoj.gov

Tracy Lyle Hilmer
US Department of Justice - Civil Division
PO Box 261
Ben Franklin Station
Washington, DC 20044

James H. Voyles
VOYLES ZAHN & PAUL
jvoyles@vzplaw.com