UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, ALEXANDER CHEPURKO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-00377-TWP-MJD |
| E-BIOFUELS, LLC, CARAVAN TRADING, LLC, CIMA GREEN, LLC, IMPERIAL PETROLEUM, INC., JOSEPH FURANDO, CHRISTINE FURANDO, CRAIG DUCEY, CHAD DUCEY, and JEFFREY T. WILSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO SET ASIDE ENTRY OF DEFAULT

This matter is before the Court on Defendant Christine Furando's ("Christine") Motion to Set Aside Entry of Default (Filing No. 185). Christine asserts that good cause exists to set aside the Clerk's Entry of Default against her (Filing No. 183) because she was unaware as a *pro se* litigant that she needed to file an answer to the Second Amended Complaint filed by Plaintiff-Relator Alexander Chepurko ("Chepurko"). Chepurko "takes no position" on Christine's Motion to Set Aside Entry of Default (Filing No. 193 at 1).[1]

### I. BACKGROUND

Chepurko initiated this action against Christine and the other named Defendants in 2012 (Filing No. 185 at 1; Filing No. 193 at 1). On August 5, 2014, Chepurko's case was consolidated with a case filed by another Plaintiff-Relator that had been transferred to the Southern District of Indiana from the Northern District of Texas (Filing No. 52; Filing No. 185 at 2). Before these

---

[1] Although Chepurko does not object to the Christine's Motion to Set Aside Entry of Default, he responded to the Motion in order to clarify certain procedural and factual statements within the Motion (Filing No. 193).

cases were consolidated, Christine had retained counsel similar to the other named Defendants (Filing No. 185 at 2).

On April 28, 2017, Christine was dismissed from this action without prejudice (Filing No. 112). However, on September 8, 2017, Chepurko filed his Second Amended Complaint, which renamed Christine as a Defendant (Filing No. 152). Upon the filing of the Second Amended Complaint, Christine received a Summons and a Waiver of Summons form (Filing No. 155; Filing No. 165). After consulting with a local lawyer in New Jersey, Christine executed and returned the Waiver of Summons on September 18, 2017 (Filing No. 165; Filing No. 185-1 at 2). The local lawyer, however, did not inform Christine that she would need to retain counsel or that she had an obligation to file an answer to the Second Amended Complaint (Filing No. 185 at 4; Filing No. 185-1 at 2).

As a result of her lack of legal knowledge, Christine failed to file an answer to the Second Amended Complaint, and the Clerk of Court entered an Entry of Default against Christine on December 14, 2017 (Filing No. 183). Christine has since retained counsel to defend her interests in this action and requests that the Court set aside the Clerk's Entry of Default against her (Filing No. 185; Filing No. 185-1 at 2).

## II. LEGAL STANDARD

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009). The standard for applying Rule 55(c) is "lenient," and the Seventh Circuit has a "policy of favoring trial on the merits over default

2

judgment." *Cracco at* 631. In order to establish good cause, a defaulted defendant must show "something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). A meritorious defense requires more than a "general denial" and "bare legal conclusions". *Breuer Electric Manuf. Co. v. Toronado Systems of America*, 687 F.2d 182, 186 (7th Cir. 1982).

### III. DISCUSSION

The Court concludes that Christine had good cause for failing to answer Chepurko's Second Amended Complaint. Based on the advice she received from a local attorney in New Jersey and her lack of legal understanding, Christine believed that she had fulfilled all of her obligations with regard to the Second Amended Complaint by executing and returning the Waiver of Summons (Filing No. 185-1 at 2). Once she learned that she needed to respond to the Second Amended Complaint, Christine promptly retained counsel, within days of entry of the Clerk's default. Counsel promptly filed a motion to resolve Christine's errors and to defend her against Chepurko's renewed claims. In addition, Christine has asserted a meritorious defense. She asserts that she cannot be held liable in this civil action because the Court lacks jurisdiction to adjudicate her claims (Filing No. 185 at 5). Chepurko's lack of objection to Christine's Motion further supports the Court's finding of good cause to set aside the Clerk's Entry of Default.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Set Aside Entry of Default is **GRANTED**. The **Clerk is directed to update the docket** to reflect that the Clerk's Entry of Default against Christine (Filing No. 193) has been set aside.

**SO ORDERED.**

Date: 2/12/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

CARAVAN TRADING, LLC
.52 Park Avenue
Park Ridge, New Jersey  07656

CIMA GREEN, LLC
.52 Park Avenue, Suite A-7
Park Ridge, New Jersey  07656

Joseph Furando, 65853-050
EDGEFIELD FEDERAL
CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 725
Edgefield, South Carolina  29824

Joyce R Branda
UNITED STATES ATTORNEY'S
OFFICE
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044

David K. Colapinto
KOHN KOHN & COLAPINTO
dc@kkc.com

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW
OFFICE
jagoodridge@jaglo.com

Tracy Lyle Hilmer
UNITED STATES DEPARTMENT OF
JUSTICE - Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044

David F. Hurley
HURLEY & HURLEY PC
dhurley@hurley-legal.net

Stephen Martin Kohn
KOHN KOHN & COLAPINTO LLP
smk@kkc.com

Stephen M. Komie
KOMIE AND ASSOCIATES
stephen_m_komie@komie-and-associates.com

Brian J. McCabe
UNITED STATES DEPARTMENT OF
JUSTICE-Civil Division
brian.mccabe@usdoj.gov

Theodore J. Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Shelese M. Woods
UNITED STATES ATTORNEY'S
OFFICE
shelese.woods@usdoj.gov