UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEXANDER CHEPURKO, <br><br> Plaintiff-Relator, <br><br> vs. <br><br> E-BIOFUELS, LLC., *et al.,* <br><br> Defendants. | ) ) ) ) No. 1:14-cv-00377-TWP-MJD ) ) ) ) ) ) ) ) ) |

**PLAINTIFF-RELATOR'S MOTION FOR JUDICIAL NOTICE OF EXHIBITS FILED IN SUPPORT OF OPPOSITION TO DEFENDANT CHRISTINE FURANDO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff-Relator Alexander Chepurko, by and through counsel, hereby moves that the Court take judicial notice of the supporting exhibits cited in Plaintiff-Relator's Opposition to Defendant Christine Furando's Motion to Dismiss Second Amended Complaint ("SAC"). Plaintiff-Relator has filed 12 exhibits, which are listed on an index of exhibits, in support of the opposition to the motion to dismiss.

Rule 201 of the Federal Rules of Evidence provides, in pertinent part, that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information" of an adjudicative fact where the fact is "one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questions." Fed R. Evid. 201(b) & (d).

This Court has previously held that the Court may take judicial notice of matters of public record without converting a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) into one for summary judgment. *See Pelkofer v. Rapiscan Systems, Inc.,* 2014 WL 3671011 (S.D.

Ind. July 23, 2014), citing *Henson v. CSA Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) (Considering public court documents filed in earlier Indiana state case). *See also Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."); *Hecker v. Deree & Co.,* 556 F.3d 575, 582 (7th Cir. 2009) (Documents that are referred to in a complaint, are authentic and central to plaintiff's claim can be considered).

Moreover, in resolving a motion to dismiss pursuant to Rule 12(b)(6), the district court is entitled to take judicial notice of matters in the public record without converting the motion into a summary judgment motion even if the three conditions set forth *Hecker v. Deree & Co.* are not met. *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991). *Also see, Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *G.E. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (collecting cases); *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).

All of the Plaintiff-Relator's supporting exhibits are publicly available documents that were filed in or are part of the official record in criminal cases that are related to this action. There can be no dispute that these filings and portions of the record from the related criminal cases, some of which are cited in the SAC and also cited by Defendant in support of her motion to dismiss, are subject to judicial notice. *See Henson, supra.; Opoka v. INS,* 94 F.3d 392, 394 (7th Cir. 1996).

Some of Defendant's arguments in her motion to dismiss include a request to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based on 31 U.S.C. §§ 3730(e)(3) and (e)(4). *See* Def. Mem., pp. 3-7. While the government action bar, 31 U.S.C. §

3730(e)(4), has been held to be jurisdictional, in 2010 Congress amended the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4), to remove it as a jurisdictional bar.  At least one District Court in this Circuit has ruled that the public disclosure bar is no longer jurisdictional and instead must be raised pursuant to Fed. R. Civ. P. 12(b)(6) rather than Rule 12(b)(1).  *United States ex rel. Conroy v. Select Medical Corp.,* 211 F. Supp.3d 1132, 1147-1150 (S.D. Ind. 2016) ("Consistent with the weight of authority, the court concludes the amended public-disclosure bar is not jurisdictional and therefore not a basis for dismissal pursuant to Rule 12(b)(1).  Instead, defendants in *qui tam* actions who raise public disclosure as a defense must move for dismissal under Rule 12(b)(6).).[1]

A motion to dismiss pursuant to Rule 12(b)(1) cannot be transformed into a motion for summary judgment if the Court considers matters outside the pleadings.  *See Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993).  Accord., *Bastien v. AT & T Wireless Services, Inc.,* 205 F.3d 983, 990 (7th Cir. 2000) (Rule 12(b)(1) allows a court to look beyond the allegations of the complaint and view whatever evidence is submitted to determine if it has subject matter jurisdiction).

To the extent Defendant has raised valid arguments under Rule 12(b)(1), it is proper for the Court to take judicial notice of those exhibits on which Plaintiff-Relator relies to oppose any portion of Defendant's motion to dismiss for lack of subject matter jurisdiction.

---

[1] However, because the U.S. Court of Appeals has yet to formally decide that the FCA's public disclosure bar is no longer jurisdictional in light of the 2010 amendments, some of Plaintiff-Relator's exhibits could be considered to support Plaintiff-Relator's arguments in opposition to Defendant's public disclosure bar argument they may fall within the scope of Rule 12(b)(1). *Cause of Action v. Chi. Transit Auth.,* 815 F.3d 267, 271 n. 5 (7th Cir. 2016), cert den. 137 S.Ct. 205 (2016) (leaving open the question but noting that other circuits have found the new language non-jurisdictional).  The Court should take judicial notice of those documents whether those portions of the Defendant's motion to dismiss are viewed as governed by either Rule 12(b)(1) or Rule 12(b)(6).

Each of Plaintiff-Relator's supporting exhibits meets the standards for taking judicial notice of these official documents or portions of the record from the related criminal cases, as follows.

1. **Exhibit 1, Plea Agreement signed by Christine Furando in** *U.S. v. Caravan Trading, LLC and Cima Green, LLC,* **Nos. 1:13-cr-189-SEB-TAB-07 and -08 (S.D. Ind. April 15, 2015).**

This Plea Agreement was signed by Defendant Christine Furando and it was filed in the related criminal case filed against the two companies that Ms. Furando owned.  The Plea Agreement was also specifically cited in the Second Amended Complaint.  *See* SAC, ¶¶ 137-139.

2. **Exhibit 2, Excerpts of Transcript of Change of Plea Hearing in** *U.S. v. Joseph Furando, Caravan Trading, LLC and Cima Green, LLC,* **Nos. 1:13-cr-189-SEB-TAB-04, -07 and -08 (S.D. Ind. April 15, 2015).**

This excerpt from the transcript of plea hearing includes the appearance of Defendant Christine Furando and it was filed in the related criminal case filed against the two companies that Ms. Furando owned.  This plea hearing was also specifically cited in the Second Amended Complaint and confirms that Ms. Furando was the majority owner of the two companies.  *See* SAC, ¶¶ 137-139.

3. **Exhibits 3, 4 and 5, Criminal Judgment against Defendant Joseph Furando, Amended Criminal Judgment against Caravan Trading, LLC, and Amended Criminal Judgment against Cima Green, LLC.**

These criminal judgments were entered in the related criminal case filed against Ms. Furando's husband and the two companies that Ms. Furando owned.  These criminal judgments were also specifically cited in the Second Amended Complaint and they relate to the restitution and forfeiture issues that are mentioned in that pleading as well as the FCA violations alleged against Ms. Furando.  *See* SAC, ¶¶ 132, 138-139.

4. **Exhibit 6, Petition by Christine Furando,** *U.S. v. Furando,* **No. 1:13cr00189-SEB-TAB-04 (S.D. Ind.) [Dkt. #432].**

This document is cited by Plaintiff-Relator in the Second Amended Complaint and it is also cited by Defendant Christine Furando in her supporting memorandum. This document reflects one of the False Claims Act violations alleged against Defendant Christine Furando and it is central to the claims at issue. *See* SAC, ¶¶ 140-142, 145, and 147.

5. **Exhibit 7, ECF Notice Showing that Ms. Furando's Petition was served on the United States.**

This is the official court electronic filing notice showing that Ms. Furando submitted her Petition to attorneys for the United States Department of Justice and the U.S. Securities and Exchange Commission in addition to filing it in Court. This document supports Plaintiff-Relator's allegations that Ms. Furando knowingly submitted a false claim to the United States. *See* SAC, ¶¶ 188-189.

6. **Exhibit 8, Excertps of Transcript of Trial in** *U.S. v. Wilson* **[Dkt. #173, pp. 20-25 and 71-73] (Closing remarks made to the jury by AUSA DeBrota).**

This excerpt from the transcript of one of the related criminal cases supports the Plaintiff-Relator's position that the Plaintiff-Relator voluntarily disclosed his allegations to the Government prior to filing this action and that the Government was not aware of the Defendants' violations or fraud scheme before Plaintiff-Relator contacted the Government. This is an official court record of the proceedings in one of the related criminal cases and it is relevant to the Defendant's motion to dismiss pursuant to both 31 U.S.C. §§ 3730(e)(3) and (e)(4). Defendant raises a jurisdictional argument based on 31 U.S.C. § 3730(e)(3) so Exhibit 8 can be considered to decide that Rule 12(b)(1) jurisdictional issue. It should also be considered to decide the subsection (e)(4) issue regardless of whether it is governed by Rule 12(b)(1), or Rule 12(b)(6), without converting the motion to dismiss into a motion for summary judgment.

7. **Exhibit 9, Order Denying Motion to Intervene [Dkt. #302] in** *U.S. v. Craig Ducey, et al.,* **Nos. 1:13-cr-189-SEB-TAB-01 through -08 (S.D. Ind. Jan. 6, 2016).**

This Order is an official court record of the proceedings in eight of the related criminal cases and it is relevant to the Defendant's motion to dismiss pursuant to both 31 U.S.C. §§ 3730(e)(3) and (e)(4), and its other jurisdictional arguments. This Order refutes Defendant's argument that Plaintiff-Relator has standing to intervene in the criminal restitution proceedings to raise his False Claims Act allegations against Ms. Furando. As this Order shows, Plaintiff-Relator's request to intervene in the restitution and forfeiture proceedings in the criminal cases was already denied by District Judge Sarah Evans Barker. It should also be considered to decide the subsection (e)(4) issue regardless of whether it is governed by Rule 12(b)(1), or Rule 12(b)(6), without converting the motion to dismiss into a motion for summary judgment.

8. **Exhibits 10, 11 and 12, Preliminary Order of Forfeiture against Caravan Trading, LLC [Dkt. #428] in** *U.S. v. Caravan Trading, LLC,* **No. 1:13-cr-189-SEB-TAB-07 (S.D. Ind. May 30, 2017); Preliminary Order of Forfeiture against Cima Green, LLC [Dkt. #425] in** *U.S. v. Cima Green, LLC,* **No. 1:13-cr-189-SEB-TAB-08 (S.D. Ind. May 30, 2017); and Preliminary Order of Forfeiture against Joseph Furando [Dkt. #429] in** *U.S. v. Joseph Furando,* **No. 1:13-cr-189-SEB-TAB-04 (S.D. Ind. May 30, 2017).**

These Preliminary Orders of Forfeiture are part of the official court record in the related criminal cases and they were cited by Defendant. *See* Def. Mem., p. 9. The Plaintiff-Relator alleged in the Second Amended Complaint that the Government's forfeiture proceedings were commenced as part of the related criminal cases against the named defendants in the related criminal cases and Plaintiff-Relator provided additional details about the amount of assets that were frozen and the subject of restitution orders in the criminal proceedings.

## Conclusion

For the foregoing reasons, the Court should take judicial notice of the Plaintiff-Relator's supporting exhibits without converting the Defendant's motion to dismiss to a motion for summary judgment.

Respectfully submitted,

/s/ David K. Colapinto
David K. Colapinto #416390
Stephen M. Kohn, #411513
Kohn, Kohn & Colapinto, LLP
3233 P Street, N.W.
Washington, D.C.  20007-2756
Phone:  (202) 342-6980
Fax:      (202) 342-6984
Email:  dc@kkc.com
Attorneys for Mr. Chepurko

May 7, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Plaintiff-Relator's Motion for Judicial Notice was served on this 7th day of May, 2018, upon all parties that have entered an appearance and counsel for the United States via the Court's ECF system, and by U.S. Mail, postage prepaid, upon the pro se and unrepresented parties listed below:

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Stephen M. Komie
KOMIE & ASSOCIATES
Stephen_m_komie@komie-and-associates.com

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jagoodridge@jaglo.com

7

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Brian J. McCabe
US DEPARTMENT OF JUSTICE-CIVIL DIVISION
brian.mccabe@usdoj


Pro se and unrepresented parties:

JOSEPH FURANDO
# 65853-050
EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION
501 Gary Hill Road
Edgefield, SC 29824

CHAD DUCEY
# 11801-028
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
Terre Haute, Indiana 47808


By: */s/ David K. Colapinto*
　　　David K. Colapinto