# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-0377-TWP-MJD |
| JOSEPH FURANDO | ) ) ) |
| Defendant. | ) ) |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on Defendant, Joseph Furando's ("Furando"), Motion for Appointment of Counsel [Dkt. 299] and Motion for Extension of Time [Dkt. 300]. For the following reasons, the Court denies Furando's fourth request for appointment of counsel and grants his request for an extension of time.

## I. LEGAL STANDARD

Unlike in criminal cases, there is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010)28 U.S.C. § 1915(e)(1). Litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004). Next, the judge is required to consider whether "given the difficulty of the case, does the party appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

## II. DISCUSSION

### A. Motion for Appointment of Counsel

The instant motion is Furando's fifth request for appointment of counsel. See Dkts, 198, 220, 262, 281 and 285. His prior request have all been denied. As stated in his prior motions,

Furando, an incarcerated person, asserts that he is unable to afford counsel, the issues involved in his case are complex, he has limited access to the prison library, and limited knowledge of the law. Furando's prior motions for appointment of counsel have been denied for two reason. First, the court has rejected Furando's arguments that this case is complex, and the court has determined that Furando is competent, at this stage of the proceedings, to litigate this matter himself.

Furnado's current motion provides no information that has not previously been considered. The Court has previously noted that "Furando is intimately aware of the subject matter of this litigation, which arises from his role in falsifying Renewable Identification Numbers to the United States government. Moreover, the civil litigation in this case stems from Furnando's *own* transactions that resulted in his incarceration". [Dkt. 253 at 2-3.] Furando's personal characteristics, including literacy, communication ability, and extensive post-secondary education have been considered by the court. *Id*.

Currently pending in this action is a partial motion for summary judgment. The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S.Ct. 1348 (1986). *Pro se* litigants are frequently required to respond to this type of motion. As required, the Plaintiff has complied with Local Rule 56-1(k) which requires that a party seeking summary judgment against an unrepresented party file and serve a specific notice and instructions to a *pro se* litigant. *See* Dkt, 290-1. Moreover, *pro se* pleadings are liberally construed. (A document filed *pro se* is to be liberally construed and …however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court will take these factors into consideration in ruling on the summary judgment motion.

In this district, the Court simply does not have enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. The Court recognizes Furando's frustration with self-representation and his difficulty in acquiring documents and accessing to legal research material. However, thus far, his efforts in self-representation are clearly competent and sufficient. Because of these factors, the Court again determines that Furando is competent to respond to the pending motion. The Court again affirms that it will be alert to the possibility of recruiting counsel if in fact this matter proceeds to trial or at other points in the case where Furando's incarceration and *pro se* status would make it particularly difficult for him to proceed without representation and where the assistance of counsel would be a benefit to both Furando and the Court.

For these reasons, the Motion to Appoint Counsel, dkt. 299 is **denied**.

### B. Motion for Extension of Time

Furando has also filed a motion requesting an additional sixty (60) day extension of time in which to respond to the pending summary judgment motion. He writes that his response to the motion is due on or before October 9, 2018. Furando is in need of additional to do his own research and legal writing and because the facility where he is housed has experienced numerous "lock-downs" impeding his ability to complete research. The Court acknowledges Furando's *pro se* status and finds good cause exists for granting the motion. Accordingly, the Motion for Extension of time, dkt. 300 is **granted**. Furando shall have until **December 10, 2018** to file his response to the Motion for Partial Summary Judgment at Dkt. 290.

### III. CONCLUSION

For the reasons stated above, Furando's Motion to Appoint counsel [Dtk. 299] is **DENIED** and his Motion for Extension of Time [Dkt. 300] is **GRANTED**.

**SO ORDERED.**

Date: 9/24/2018

_TANYA WALTON PRATT, JUDGE_
United States District Court
Southern District of Indiana

DISTRIBUTION:

Distribution:

JOSEPH FURANDO
65853-050
FORT DIX - FCI
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
Joint Base MDL, NJ 08640

CHAD DUCEY
11801-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Joyce R Branda
US Attorney's Office
Commercial Litigation Branch
PO Box 261   Ben Franklin Station
Washington, DC 20044

David K. Colapinto
KOHN KOHN & COLAPINTO
dc@kkc.com

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jagoodridge@jaglo.com

Tracy Lyle Hilmer
US Department of Justice - Civil Division
PO Box 261
Ben Franklin Station
Washington, DC 20044

Stephen Martin Kohn
KOHN KOHN & COLAPINTO LLP
smk@kkc.com

Stephen M. Komie
KOMIE AND ASSOCIATES
stephen_m_komie@komie-and-associates.com

Brian J. McCabe
US DEPARTMENT OF JUSTICE-CIVIL DIVISION
brian.mccabe@usdoj.gov

Theodore J. Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov