#### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF INDIANA
#### INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:14-cv-00377-TWP-MJD |
| CHRISTINE FURANDO, | ) ) ) |
| Defendant. | ) ) |
| ALEXANDER CHEPURKO, | ) ) ) |
| Relator. | ) ) |

### ENTRY ON MOTION IN *LIMINE*

This matter is before the Court on a Motion in *Limine* filed by Plaintiff-Relator Alexander Chepurko ("Chepurko") ([Filing No. 431](#)). Chepurko blew the whistle on numerous individuals and entities for false claims submitted to the United States Government ("Government") for transactions in the renewable energy industry. Because of Chepurko's whistleblowing efforts, the Government was able to criminally prosecute a number of individuals and entities named in this case, resulting in criminal convictions. Chepurko separately filed this civil False Claims Act *qui tam* action to recover damages and civil penalties on behalf of the Government and himself.

After years of litigation and motions practice, this matter is set for a bench trial to commence on August 9, 2021, against Defendant Christine Furando ("Ms. Furando"). The claims to be tried are Counts I and II of the Second Amended Complaint: Chepurko's civil False Claims Act *qui tam* claims against Ms. Furando. The issue to be presented at trial is Ms. Furando's liability under the False Claims Act concerning her "knowledge." Chepurko filed his Motion in *Limine* to

exclude testimony and evidence from Ms. Furando because she invoked her Fifth Amendment rights. For the following reasons, the Motion is **granted in part and denied in part**.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

In his Motion, Chepurko asks the Court to exclude testimony and evidence from Ms. Furando because she refused to provide complete answers to interrogatories after being ordered to do so on the grounds that her answers would tend to incriminate her under the Fifth Amendment. Chepurko contends the primary issue for trial is whether Ms. Furando had the requisite knowledge under the False Claims Act of the false claims her companies submitted or caused to be submitted to the Government. He asserts that impacting this issue is how Ms. Furando's invocation of the Fifth Amendment in response to his interrogatories affects the scope of evidence that can be presented in the upcoming bench trial.

Chepurko intends to present evidence showing that Ms. Furando acted "knowingly" to establish liability under Counts I and II of the Second Amended Complaint pursuant to the False

Claims Act's "deliberate indifference" and "reckless disregard" standards. Ms. Furando has asserted that she lacked knowledge of the fraud and had no role in or responsibility for the false claims fraud scheme. During the course of the litigation, Chepurko served discovery on Ms. Furando, she did not fully respond, and she was ordered by the Magistrate Judge to provide more detailed responses to Chepurko's discovery, including Interrogatories 7 and 9.

Chepurko continues,

> However, instead of complying with the order compelling Ms. Furando to provide complete answers to interrogatories she invoked the Fifth Amendment in response to Plaintiff-Relator's interrogatories seeking information about her claim to ownership of the assets that were seized by the government and the sources of income used to purchase these assets and real estate. The failure to answer these questions prevented Plaintiff-Relator from obtaining discovery from Ms. Furando about her claim to ownership of assets which logically would have been purchased from her ownership and control of these companies that were ultimately criminally convicted for the false claims fraud scheme.

([Filing No. 431 at 4](#).)

Chepurko asserts that Ms. Furando's assertion of the Fifth Amendment to the two interrogatories implicates her role in the companies and her knowledge of the fraud scheme because the interrogatories go to the heart of her ownership and utilization of company assets as well as her knowledge of the companies' activities. He argues the information sought from the interrogatories would either contradict Ms. Furando's assertion that she has no knowledge of the business affairs of her companies or support the contention that she acted with deliberate ignorance or in reckless disregard of the fraud. He asks that Ms. Furando not be permitted to testify or present evidence on matters that are implicated by her assertion of the Fifth Amendment in response to discovery requests because it is too late for her to waive the right in this proceeding, and it would be unfair and prejudicial to permit her to proceed with evidence while asserting the Fifth Amendment. And, "Ms. Furando should not be permitted to testify or present any evidence about

her role in the company or lack of knowledge of the fraud scheme because she refused to produce complete answers to interrogatories seeking information that is highly relevant to her knowledge and role in the fraud." *Id.* at 6. "Ms. Furando's assertion of the Fifth Amendment in discovery should preclude her from presenting evidence denying knowledge of or involvement in the false claims fraud scheme." *Id.* at 7.

Chepurko argues he is entitled to an adverse inference that the assets (the subject of the interrogatories) were illegal proceeds of the fraud scheme and subject to forfeiture, and Ms. Furando participated in and had knowledge of the fraud. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (court may draw an adverse inference based on the invocation of the Fifth Amendment in a civil case). He contends that such an adverse inference would not be unfair or prejudicial to Ms. Furando because she already has lost on the merits of her petition seeking the real estate and assets in the related criminal case. Chepurko recognizes that, "[a]s with most evidentiary rulings, the decision whether to permit the inference falls within the district court's broad discretion," *First Midwest Bank v. City of Chicago*, 337 F. Supp. 3d 749, 776 (N.D. Ill. 2018), and the inference is not required. *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.2d 800, 802 (7th Cir.1993).

In response to the Motion in *Limine*, Ms. Furando argues that Chepurko's request is vastly overbroad and should be denied entirely or, at a minimum, denied in large part and substantially limited to the two narrow questions propounded in Interrogatories 7 and 9. Ms. Furando explains that Chepurko initially sued her and numerous co-defendants and then voluntarily dismissed the case against her. After Ms. Furando filed a petition in a related criminal matter, claiming interest in assets subject to forfeiture, Chepurko filed his Second Amended Complaint, renaming Ms. Furando as a defendant and adding a new claim (Count IV) against her based on the forfeiture petition in the criminal case. Ms. Furando moved to dismiss Count IV, and the Court granted that

4

motion, but before Count IV was dismissed, Chepurko issued discovery including nine interrogatories and a notice to produce.

Ms. Furando further explains that she produced hundreds of pages of documents and provided robust answers to most of the interrogatories, and after Chepurko moved to compel discovery responses, she invoked her Fifth Amendment rights as to Interrogatories 7 and 9, which ask about ownership of assets subject to forfeiture and sources and amounts of income used to purchase the assets. Those interrogatories, Ms. Furando argues, pertain to Count IV of the Second Amended Complaint, which has been dismissed and will not be presented at trial. Ms. Furando explains that she provided a ten-page response to Interrogatory 6, which specifically addresses Ms. Furando's knowledge of the biodiesel fraud scheme and which is the issue for trial.

Ms. Furando argues that evidence about the ownership of assets subject to criminal forfeiture and the sources and amounts of income used to purchase those assets—the topics of Interrogatories 7 and 9—is not relevant to the issue for trial, which is Ms. Furando's knowledge of the fraud scheme. Thus, Ms. Furando's invocation of the Fifth Amendment to not answer Interrogatories 7 and 9 is not relevant to the issue for trial and should not result in exclusion of all her evidence and testimony. Furthermore, Ms. Furando has not invoked a Fifth Amendment blanket privilege to avoid any and all discovery. Rather, Ms. Furando has produced many documents and answered many interrogatories. Therefore, Ms. Furando asserts, the broad sanction of not allowing her to testify or present any evidence is unfounded.

As to Chepurko's request for an adverse inference, Ms. Furando argues that the requested inference about ownership of the assets subject to criminal forfeiture is not relevant to the issue for trial, which is he knowledge of the fraud scheme and presenting false claims to the Government. There is no probative value to this inference, and it would be unfairly prejudicial to Ms. Furando.

In reply, Chepurko argues the Court should exclude Ms. Furando's testimony and evidence as to her lack of knowledge of the false claims fraud scheme because her invocation of the Fifth Amendment deprived him of evidence relevant to Ms. Furando's knowledge and her status as an "innocent spouse." Ms. Furando cannot have it both ways of testifying that she had no knowledge and then refusing to testify about other matters that are relevant to her knowledge. Chepurko asserts that, while the information sought in Interrogatories 7 and 9 relate to Count IV that was dismissed, the Court already has determined that Interrogatories 7 and 9 also relate to the remaining claims for trial (*see* Filing No. 365 at 9 (Order on Motion to Compel)). He argues,

> It doesn't matter that Ms. Furando didn't raise the Fifth Amendment in response to other questions or that she produced some documents. That doesn't change the fact that she has asserted the Fifth Amendment effectively cutting off discovery on matters that are relevant to her defense on the sole issue that remains for trial.

(Filing No. 445 at 6.) Furthermore, Chepurko contends that it is "entirely appropriate in a civil case for the Court to draw an adverse inference of Ms. Furando's guilt because her claim of the Fifth Amendment is at direct odds with her defense. That's not prejudicial. It's a logical adverse inference that is permitted by the law." *Id.* at 7.

As the Court noted above, it excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose, and unless evidence meets this exacting standard, evidentiary rulings are deferred until trial so that questions of relevance and prejudice may be resolved in context. While the Court agrees with Chepurko that Ms. Furando's relevance argument previously was addressed by the Magistrate Judge in the Order on Motion to Compel, the Court is not persuaded at this pretrial stage that the broad sanction of complete exclusion of testimony and evidence from Ms. Furando and an adverse inference are appropriate. The Court agrees with Ms. Furando that the scope of the Motion is too broad, and the scope of evidence should be limited to the two narrow questions propounded in Interrogatories 7 and 9. If additional evidence is presented

by Ms. Furando during trial that should not be admitted, the Court can prohibit its admission or strike the evidence without resulting in unfair prejudice to Chepurko, especially in light of the fact that this will be a bench trial.

### III.  CONCLUSION

As described above, the Motion in *Limine* (Filing No. 431) is **granted in part and denied in part**. Ms. Furando may provide testimony and the motion in limine is limited to the two narrow questions propounded in Interrogatories 7 and 9. An order in *limine* is not a final, appealable order. If the parties believe that specific evidence is admissible or inadmissible during the course of the bench trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  7/23/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Joyce R Branda
US Attorney's Office
Commercial Litigation Branch
PO Box 261   Ben Franklin Station
Washington, DC 20044

David K. Colapinto
KOHN KOHN & COLAPINTO
dc@kkc.com

Tracy Lyle Hilmer
US Department of Justice - Civil Division
PO Box 261
Ben Franklin Station
Washington, DC 20044

Stephen Martin Kohn
KOHN KOHN & COLAPINTO LLP
smk@kkc.com

Stephen M. Komie
KOMIE AND ASSOCIATES
stephen_m_komie@komie-and-associates.com

Brian J. McCabe
US DEPARTMENT OF JUSTICE-CIVIL DIVISION
brian.mccabe@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov